IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KEMONIE DENARD HALE, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-155 |
| v. | |
| LT. MURRAY; SGT. ROWN; C.O. II BUNCH; C.O. II MCDONALD; C.O. II SHELBY; and SMITH STATE PRISON, | |
| Defendants. | |

## O R D E R

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 17.) After an independent and *de novo* review of the entire record, the undersigned concurs in part with the Magistrate Judge's Report and Recommendation, (doc. 13). Accordingly, the Court **SUSTAINS** Plaintiff's Objections and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as amended herein, as the opinion of the Court.

## BACKGROUND

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 contending that Defendants violated his constitutional rights by placing him on an illegal third bunk. (Doc. 1.) Plaintiff alleges that in 2011 he fell from his bunk and broke his left femur bone in two places. As a result, he had to have a titanium rod implanted into his leg. (Id. at p. 5.) The Court conducted the requisite frivolity review and the Magistrate Judge recommended dismissing Plaintiff's claims for failure to exhaust. In his Objections, Plaintiff claims that he was unable to exhaust his claims because

prison officials would not allow him to file a grievance until after he had been released from the hospital. (Doc. 17, p. 2.)

## DISCUSSION

Plaintiff's Objections raise questions as to whether the prison's administrative remedies were available for him to exhaust. If the prison's administrative remedy process was in fact unavailable to Plaintiff, then he would not be required to exhaust prior to filing suit. See Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1855 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'"). Thus, the Court does not adopt the Magistrate Judge's recommendation that the Complaint be dismissed for Plaintiff's failure to exhaust his administrative remedies.

However, even if the prison's administrative remedy process was unavailable to him, Plaintiff's Complaint still fails to state a claim. As an initial matter, Plaintiff failed to allege that Defendants were in any way responsible for his placement in a third bunk or resulting fall. While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, even construing Plaintiff's Complaint liberally, he has failed to state a claim against Defendants. Plaintiff's Complaint contains no allegations of facts against the above-named Defendants. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

Additionally, in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v.

2

Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  Plaintiff has not made any allegation that Defendants deprived him of some constitutional right, privilege, or immunity.  While Plaintiff argues that he was illegally placed on a third bunk, he does not make any allegation that this policy violation also violates the Constitution or any statute.  Moreover, after a careful review of Plaintiff's pleadings, the Court does not see any constitutional provision or statute that his allegations implicate.  Any claim that Defendants were negligent in placing him on a third bunk are more properly brought under Georgia tort law.  Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.").  Consequently, Plaintiff fails to state a plausible claim upon which this Court can grant him any relief.

## CONCLUSION

The Court **SUSTAINS** Plaintiff's Objections and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation.  However, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as amended above, as the opinion of the Court.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint for failure to state a claim and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.  The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 25th day of July, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3